United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC DIAL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1989 |
| | § | |
| VERSAL TRANSPORTATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.   Background**

Soatlackher Das obtained his commercial driver's license in 2001.  (Docket Entry No. 30-3 at ¶ 2).  He was hired by Versal Transportation Co. in 2008 as a truck driver.  (*Id.* at ¶¶ 4–5).  In March 2022, Das, driving an 18-wheeler tractor trailer while working for Versal, crashed into a vehicle driven by the plaintiff, Cederic Dial.  (Docket Entry No. 30-8).  The accident occurred when Das attempted to change lanes to avoid colliding with another vehicle.  (*Id.* at 2).

In February 2023, Dial sued Das and Versal, alleging negligent hiring, supervision, retention, and training against Versal, and negligence and gross negligence against Das.  (Docket Entry No. 2-4).  The defendants admit that Das was acting in the course and scope of his employment when he collided with Dial's vehicle and that Das was negligent and solely at fault in causing the accident.  (Docket Entry No. 30 at 1).  The defendants have moved for summary judgment on the direct negligence claims against Versal and the gross negligence claims against Das.  (*Id.*).  Dial has filed no response in opposition to summary judgment.  Based on the record,

the motion, and the applicable law, the motion for summary judgment is granted.  (Docket Entry No. 30).

## II.     The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the [nonmovant] bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the [nonmovant] the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S.  242, 250–51 (1986)).

After the movant meets the Rule 56(c) burden, "the [nonmovant] must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted).  The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which th[e] evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quotation marks and quoting reference omitted).  All reasonable inferences are drawn in the nonmovant's favor, *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022), but a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quoting reference omitted).  The court must not make credibility determinations on summary judgment. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016).  Instead, the court "must disregard all evidence favorable to the moving party that the finder of fact is not required to believe." *Id.* (quoting reference omitted) (alterations adopted).  The nonmovant's version of events must be accepted if supported by more than a mere scintilla of evidence.  *See id.*

When the nonmovant files no response in opposition to summary judgment, the statements of facts in the motion for summary judgment and the evidence attached may be taken as undisputed.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015).  The nonmovant's unsworn pleadings are not competent summary judgment evidence.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The court is not obligated to "sift through the record in search of evidence" to defeat the motion for summary judgment.  *Morgan*, 114 F. Supp. 3d at 437 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)).  Even when no opposition is filed, the movant must still meet the burden to show that there is no genuine issue of material fact and that summary

judgment is appropriate. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995); *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

**III.    Analysis**

    **A.    The Negligent Entrustment Claim**

To prevail on his negligent entrustment claim, Dial must show that Versal: (1) entrusted a vehicle; (2) to an unlicensed, incompetent, or reckless driver, (3) whom Versal knew or should have known was unlicensed, incompetent, or reckless, and (4) the driver's negligence (5) proximately caused the accident. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W. 3d. 754, 758 (Tex. 2007). Incompetence or recklessness may be established through "the employee's driving record and habits, as well as his condition, situation, or state at the time he is loaned the vehicle." *Oney v. Crist*, 517 S.W.3d 882, 890 (Tex. App.—Tyler 2017), *review granted, judgment vacated, and remanded by agreement* (Apr. 27, 2018) (citing *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. App. 1970)).

Dial has failed to submit or point to evidence raising a genuine factual dispute material to determining whether Das was an unlicensed, incompetent, or reckless driver. The uncontroverted evidence shows that Das had had his commercial driver's license since 2001. (Docket Entry No. 30-3 at ¶ 2). Das had been driving commercial vehicles for more than 20 years at the time of the accident. (Docket Entry No. 30-3). Das's driving history precludes an inference that he was an incompetent or reckless driver. Das had no accidents and no traffic citations in the three years before Versal hired him. (*Id.* at ¶ 5). In his 14 years driving for Versal before the accident, Das had received no moving violations and had been involved in no at-fault accidents. (*Id.* at ¶ 3). Das received only two traffic citations during those years, for non-moving violations. (Docket Entry Nos. 30-5, 30-6). The only accident Das had been involved in was not his fault. (Docket Entry

No. 30-7). This driving history and experience leads to a finding that Das was not an incompetent or reckless driver. *See Goodyear*, 236 S.W.3d at 758 (finding no fact issue as to recklessness or incompetence based on citations for driving without insurance, a rear-end collision, and exceeding the speed limit).

      **B.**      **The Negligent Hiring, Retention, Training, and Supervision Claims**

Texas law imposes a "general duty on an employer to adequately hire, train and supervise its employees." *Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—Austin 1998, no writ). To establish a claim for negligent hiring, training, and supervision, a plaintiff must show: (1) a duty to hire, supervise, and retain competent employees; (2) an employer's breach of that duty; and (3) that the breach proximately caused the plaintiff's damages. *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied).

"Texas law allows recovery for negligent hiring, training and supervision where an employer knew or should have known through the exercise of reasonable care that an employee was incompetent or unfit and that his hiring or retention would thereby create an unreasonable risk of harm to others." *Hanan v. Crete Carrier Corp.*, No. 3:19-CV-0149-B, 2020 WL 42269, at *5 (N.D. Tex. Jan. 3, 2010) (quoting *Verhelst v. Michael D's Rest. San Antonio, Inc.*, 154 F. Supp. 2d 959, 968 (W.D. Tex. 2001)).

Dial's claims for negligent hiring, retention, training, and supervision fail for the same reasons as his negligent entrustment claim. *Mejia-Rosa v. John Moore Services, Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *11 n.5 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (explaining that the negligent entrustment standard overlaps with the "unfit or incompetent" standard). The court finds and concludes, as a matter of law, that Das was not incompetent or

5

unfit, and that Versal had no reason to know that hiring and retaining him would create an unreasonable risk of harm to others.

### C. The Gross Negligence Claim

Exemplary damages are available if a plaintiff proves, "by clear and convincing evidence," that his injuries resulted from the defendant's gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003(a). Gross negligence has objective and subjective components, and means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001(11).

The objective component will not be satisfied by either a remote possibility of serious injury or a high probability of minor harm. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). "[A]n extreme degree of risk is a threshold significantly higher than the objective reasonable person test for negligence." *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019). "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent." *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)). Rather, there must be "such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected." *Moriel*, 879 S.W.2d at 21. The subjective component requires proof that the defendant knew about the extreme degree of risk but demonstrated through acts or omissions that he did not care. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

Dial has produced no evidence raising a genuine factual dispute material to determining whether Das was grossly negligent. The undisputed evidence precludes an inference that Das was aware of an extreme degree of risk and chose to proceed with conscious indifference.

## IV.     Conclusion

The defendants' motion for partial summary judgment is granted. (Docket Entry No. 30). Dial's direct negligence claims against Versal, and gross negligence claim against Das, are dismissed with prejudice. The remaining negligence liability and damages claims will proceed.

SIGNED on May 31, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge